Argued and submitted November 15, 1989, reversed and remanded for reconsideration
July 18, 1990

In the Matter of the Compensation of
Robert M. Bryant, Claimant.

WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

Robert M. BRYANT,
*Respondent.*

(WCB 86-01731; CA A60254)

794 P2d 824

Brian L. Pocock, Eugene, argued the cause and filed the brief for petitioner.

Lynne W. McNutt, Coos Bay, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer seeks review of an order of the Workers' Compensation Board that set aside a denial on the ground that employer had improperly denied future medical benefits. We reverse and remand.

Claimant, a timber faller, suffered a compensable low back strain in August, 1979. He received intermittent chiropractic treatments until July, 1980, when the claim was closed as non-disabling. In February, 1983, he briefly received therapy from Dr. Cohen, a chiropractor.

In August, 1984, claimant received treatment for low back pain from Dr. Mang, a chiropractor. He returned to Mang in November, 1984, and, when the pain did not resolve, Mang referred him to Dr. Hockey, an orthopedic surgeon. Hockey concluded that claimant had a herniated disc and should have no further chiropractic treatments.

Employer referred claimant to Dr. Howell, an osteopath, for examination in January, 1986. Howell found no objective basis for claimant's complaints of low back pain and concluded that the 1979 back strain had resolved. In his opinion, claimant's 1986 condition was not related to the industrial injury of 1979. He recommended that claimant receive no further chiropractic treatments.

On January 30, 1986, employer wrote to claimant:

"As a result of the recent medical examination done by Richard K. Howell, D.O., it has been determined that further chiropractic treatment is not reasonable or necessary as it relates to your industrial injury of August 28, 1979. Therefore, Weyerhaeuser Company will not be responsible for any treatment rendered after January 30, 1986."

Claimant sought a hearing. The referee concluded that chiropractic treatment for claimant's condition was not reasonable and necessary. The Board adopted the findings of the referee but concluded that employer's letter was a denial of future medical benefits and therefore was not appropriate under ORS 656.245(1). It set aside the denial.

Whether or not the Board was correct, the resolution of that issue does not dispose of this review. Because employer had medical evidence that claimant's current condition is not

related to the compensable injury, employer was entitled to deny the compensability of the condition for which treatment was sought. The *letter* was not sufficient to do that. *Johnson v. Spectra Physics,* 303 Or 49, 58, 733 P2d 1367 (1987). It is apparent from the record, however, that the parties *tried* the case by *agreement* with that issue in mind.

Accordingly, the referee should have decided the issue of compensability; however, he did not. Instead, he held only that "claimant has failed in his burden of proof to establish that further chiropractic treatment is reasonable and necessary." The Board decided that that was not a proper basis on which to deny claimant's entitlement to all future chiropractic treatments. It should also have decided the additional issue of whether the condition for which claimant seeks treatment is compensable. We remand the case to the Board for reconsideration of that issue.

Reversed and remanded for reconsideration.